JUDGE KOELTL

13 CV 9221

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LASERDYNAMICS, LLC,<br>a Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>HAIER AMERICA TRADING, LLC<br>a Limited Liability Company,<br><br>Defendant. | Case No. _____<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL<br><br>RECEIVED<br>DEC 31 2013<br>U.S.D.C. S.D.N.Y.<br>CASHIERS |

PLAINTIFF
COMPLAINT FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL

Plaintiff LaserDynamics, LLC ("LaserDynamics" or "Plaintiff") by and for its Complaint against defendant Haier America Trading, LLC ("Haier" or "Defendant") hereby alleges as follows:

NATURE OF THE CASE

1. This is an action for patent infringement arising under the patent laws of the United States. LaserDynamics holds the rights in U.S. Patent No. 5,587,981 ("the '981 patent"). The United States patent laws grant the holder of a patent the right to exclude infringers from making, using, selling or importing the invention claimed in a patent, and to recover damages for the infringer's violations of these rights, and to recover treble damages where the infringer willingly infringed the patent. Under 35 U.S.C. § 282(a), the '981 Patent is entitled to a presumption of validity. LaserDynamics is suing Haier for infringing its patent, and doing so willfully. LaserDynamics seeks to recover damages from Haier, including treble damages for willful infringement.

2. The '981 patent generally relates to methods for discriminating between different types of optical discs (e.g., a compact disc ("CD") versus a digital video disc ("DVD")) inserted into an optical disc drive. The '981 patent has been licensed extensively to many well-known electronics and optical disc drive manufacturers.

## THE PARTIES

3. LaserDynamics is a limited liability company, organized and existing under the laws of the State of Delaware, having a place of business at 75 Montebello Road, Suffern, New York 10901-3740.

4. Upon information and belief, Haier is a limited liability company organized and existing under the laws of the State of New York with its principal place of business at 1356 Broadway, New York, New York, 10018, with its registered agent, Michael Jemal, located at 1356 Broadway, New York, New York, 10018.

## JURISDICTION

5. This is an action for patent infringement arising under the patent laws of the United States of America, more specifically under 35 U.S.C. § 100, *et seq.* Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Personal jurisdiction is also proper in this Court and this judicial district under N.Y. Civ. Pract. L. R. § 302 because, upon information and belief, Defendant has sufficient contacts within the State of New York and within this judicial district to subject itself to the jurisdiction of this Court. Defendant has purposefully availed itself of the privileges of conducting business in the State of New York and this judicial district. Defendant has sought protection and benefit from the laws of the State of New York. Defendant regularly conducts business within the State of New York and within this judicial district. Plaintiff's cause of action

arises directly from Defendant's business contacts and other activities in the State of New York and in this District.

7. More specifically, personal jurisdiction is proper in this judicial district because, upon information and belief, Defendant, directly and/or through its intermediaries, transacts business in this judicial district, including using, distributing, importing, making, offering for sale, selling, and/or marketing, supporting and advertising of its infringing products in the United States, the State of New York and the Southern District of New York.

## VENUE

8. Venue properly lies within this judicial district and division, pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## INFRINGEMENT OF U.S. PATENT NO. 5,587,981

9. LaserDynamics incorporates by reference the allegations set forth in the preceding paragraphs.

10. On December 24, 1996, the '981 patent, entitled "Multi-standard Optical Disk Reading Method Having Distinction Process," was duly and lawfully issued based upon an application filed by the inventor, Yasuo Kamatani. A true and correct copy of the '981 Patent is attached hereto as Exhibit 1.

11. On December 15, 2009, the United States Patent and Trademark Office ("USPTO") issued a Reexamination Certificate for the '981 patent. A true and correct copy of the Reexamination Certificate is attached hereto as Exhibit 2.

12. LaserDynamics is the assignee and the owner of all right, title and interest in and to the '981 patent, and has the right to sue and recover damages for infringement thereof.

13. Upon information and belief, Defendant is engaged in making, using, importing or selling DVD/Blu-Ray players in the United States generally, and in the Southern District of New York specifically.

14. Upon information and belief, by acts including, but not limited to use, making, importation, offers to sell, sales and marketing of the products that fall within the scope of at least Claim 3 of the '981 patent, Defendant has directly infringed, literally and/or upon information and belief, equivalently, and is continuing to infringe the '981 patent and is thus liable to LaserDynamics pursuant to 35 U.S.C. § 271.

15. Upon information and belief, Haier actively and knowingly has infringed and is infringing the '981 patent with prior knowledge of LaserDynamics' patent rights and without reasonable basis for believing that Haier's conduct is lawful. Haier has been on notice of LaserDynamics' patent rights, through a letter sent from counsel from Kamatani Technologies, LLC, the assignor of the '981 patent to LaserDynamics, since at least August 29, 2013.

16. Upon information and belief, Haier's infringement of the '981 patent has been and is willful. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285 entitling LaserDynamics to its attorneys' fees and expenses.

17. As a result of Haier's acts of infringement, LaserDynamics has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, LaserDynamics requests this Court enter judgment as follows:

    A.    That the '981 patent is valid and enforceable;

    B.    That Haier has directly infringed one or more claims of the '981 patent;

    C.    That such infringement has been willful;

D. That Haier accounts for and pays to LaserDynamics all damages pursuant to 35 U.S.C. § 284 to adequately compensate LaserDynamics for Haier's infringement of the '981 patent, but in no event less than a reasonable royalty for the use made by Haier of the inventions set forth in the '981 patent;

E. That LaserDynamics receives enhanced damages, in the form of treble damages, pursuant to 35 U.S.C. § 284;

F. That this is an exceptional case under 35 U.S.C. § 285;

G. That Haier pays LaserDynamics all of LaserDynamics' reasonable attorneys' fees and expenses pursuant to 35 U.S.C. § 285;

H. That LaserDynamics be granted pre-judgment and post-judgment interest in accordance with 35 U.S.C. § 284 on the damages caused to it by reason of Haier's infringement of the '981 patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

I. That costs be awarded in accordance with 35 U.S.C. § 284 to LaserDynamics; and

J. That LaserDynamics be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

LaserDynamics hereby demands a trial by jury on all issues so triable in this action.

Dated: December 31, 2013

KROUB, SILBERSHER & KOLMYKOV PLLC

By: _____
Sergey Kolmykov (SK7790)
skolmykov@kskiplaw.com
Zachary Silbersher (ZS4391)
zsilbersher@kskiplaw.com
Gaston Kroub (GK6970)
gkroub@kskiplaw.com

211A 9th Street, #3
Brooklyn, NY 11215
Telephone No.: (917) 609-2296

*ATTORNEYS FOR PLAINTIFF LASERDYNAMICS, LLC.*